UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re

    Edward V Miller & Margaret A Miller                   Case No.: 17-60029
                                                                                           Chapter 7

                                              Debtor.
-----------------------------------------------------------X

## MOTION TO WITHDRAW IRENE M. COSTELLO AND CABANILLAS & ASSOCIATES, PC, AS ATTORNEYS OF RECORD PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

This motion (the "Motion") seeks, pursuant to Local Rule 2090-1(e) of the Local Bankruptcy Rules, an order withdrawing Irene M. Costello, Esq. and the law firm Cabanillas & Associates, PC as attorneys of record for Debtors Edward V Miller & Margaret A Miller (the "Debtors"). This Motion further seeks that Irene M. Costello, Esq's name be removed from any applicable service lists, including the Court's CM/ECF electronic notification list maintained in the above-captioned cases.

I, Irene M. Costello, Esq., am an attorney at Cabanillas & Associates, PC who has appeared as an attorney of record in this case on behalf of the Debtors, Edward V Miller & Margaret A Miller. Because I will not continue to serve as an attorney of record in this case, the Court's granting of this Motion will impact any representation towards Debtors.

Due to harassment of counsel by the Debtor's son as described in the attached affidavit there has been an irreversible breakdown in the relationship between counsel and the Debtors such that Counsel can no longer effectively represent the Debtors in his case. *See* Affidavit attached hereto as Exhibit A.

WHEREFORE, for the reasons set forth herein, I respectfully request that the Court grant this Motion and order that Irene M. Costello, Esq. is withdrawn as an attorney of record

and, thus, will no longer receive service or electronic notifications in the above-captioned cases. A proposed form of order granting the relief requested herein is annexed hereto as <u>Exhibit B</u>.

CABANILLAS & ASSOCIATES, P.C.

Dated:  White Plains, NY
       September 20, 2018

By: <u>/s/ Irene M. Costello</u>
Irene M. Costello, Esq.
Attorneys for the Debtor
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 618-7364
bankruptcy@cabanillaslaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re

      Edward V Miller & Margaret A Miller               Case No.: 17-60029
                                                                                            Chapter 7

                                               Debtor.
-----------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION TO WITHDRAW IRENE M. COSTELLO AND CABANILLAS & ASSOCIATES, PC, AS ATTORNEYS OF RECORD PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

      I, Irene M. Costello, hereby swear or affirm under penalty of perjury the following is true and correct based on my personal knowledge.

1. I became counsel for Edward F. Miller (the Debtors son as "Ed F. Miller") and his parents Edward V. Miller & Margaret A Miller, the Debtors, after I learned attorney Anthony Vassallo, (a.k.a, "Tony"), who was a partner at the firm of Shipkevich PLLC where I worked at the time, had filed the Ed F. Millers chapter 7 case, and his parents' chapter 7 case in my name without my knowledge or consent in New York's Northern District Bankruptcy Court.
2. When I commenced my relationship and actual representation of the Debtors midway through that case I met with their son and his business associate Robert Derosiers, who his son refers to as Bob.
3. Ed F. Miller explained to me that Bob was responsible for hiring Tony and for generally taking care of both Ed F. Miller and his parents' bankruptcy cases, so that the Ed F. Miller could focus on the work he was doing for his employer.
4. Bob's job was to build a wall around Ed F. Miller ten feet high so that he would be protected and free to work on his important business.
5. Also, anything that would be required for his parents' case would necessarily be Ed F. Miller's responsibility and now would be also passed to Bob.
6. When I requested documents for the case I was directed to Bob and the documents were given to me by Bob. I frequently received many calls and emails with instructions or requests from Bob and had several calls where both Ed F. Miller and Bob were on the line.
7. Because Ed F. Miller and his parents cases were filed in my name when I learned of them and became aware of their mishandling I made every effort to try to repair the damage that had been done. I did my best to work with the Ed F. Miller and deal with this unusual relationship with Bob.
8. In the beginning I found it helpful because Bob had organized much of the documents and delivered them in an organized fashion. However, the Judge

ultimately found that too much time had passed in that case, and since I was always the attorney of record in that case, she could not determine there was sufficient basis to allow the case to continue. Thus, that case was dismissed without prejudice due to the deficiencies and failures to appear at the Section 341 meetings, which were attributed to Tony.

9. On a daily basis, I received phone calls and text messages on weekends and at all hours from Ed F. Miller advising me that he was under extreme pressure to resolve the bankruptcy cases, and I was reminded that the longer this process took the worse it would be for Ed F. Miller and ultimately for me in some way I didn't fully understand.
10. My abilities as counsel were frequently called into question when I made suggestions that were not in line with his wishes. Nonetheless, I was doing my best to represent the Debtors, until early on in August. At this time the Ed F. Miller began to make references in our phone calls and texts that Bob was getting impatient with the time it was taking me to resolve the bankruptcy matters.
11. Shortly these references turned to threats, some examples of text messages are attached hereto. These messages were usually followed up shortly by a call from Bob, and quickly thereafter another call from Ed F. Miller indicating that Bob had been kind but would not be so kind in the future.
12. Ed F. Miller made it clear that he had several discussions with Bob about destroying me, and ruining my life. He even detailed potentially hiring another attorney who would be tasked to throw me under the bus. I was also advised that Bob's other job was to attack attorneys for their mutual boss John Halle.
13. At this point I am losing sleep over this. I feel completely ineffective as counsel, my advice to the Debtor's son, Ed F. Miller is disregarded. Further, I am asked to do things beyond the scope of my representation and I do not feel comfortable saying no.
14. It took me almost a month to come to the determination to withdraw because I am frankly scared of the retaliation that has been promised by my client.
15. Thus, at this time I am asking the Court to allow me to withdraw from this case and for such further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 20, 2018

Irene M. Costello