| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | HEARING DATE:   05/07/2019<br>HEARING TIME:    9:30 a.m.<br>HEARING PLACE:  Utica, NY |

In Re:

    EDWARD V. MILLER,
    MARGARET A. MILLER,

SSN: xxx-xx-1966, xxx-xx-0426

Case No.: 17-60029
Chap. 7

    Debtors.

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

    L. DAVID ZUBE, affirming the following under penalty of perjury, states:

    1. On 01/12/2017, the above-named Debtors did file a petition in the Bankruptcy Court for the Northern District of New York seeking relief under Chapter 7 of the Bankruptcy Code.

    2. Your deponent is the duly qualified and acting trustee of the estate of the above-named Debtors in such Chapter 7 proceeding.

    3. The Trustee seeks an order pursuant to Bankruptcy Rule 9019 granting approval of a settlement by and between the Debtors, EDWARD V. MILLER and MARGARET A. MILLER, and the Chapter 7 Trustee, L. DAVID ZUBE , whereby the Debtors will pay over to the Trustee the sum of $33,300.00 in satisfaction of the Trustee's claims against any and all remaining property of the bankruptcy estate, including, but not limited to, the Debtors' interest in the Debtors' current residence, commonly known as and located at 4 Damgaard Rd, Andes, New York, as well as equity in a co-op unit commonly known as 14B Edgewater Park, Bronx, New York.

    4. The matter involves the value of the Trustee's ability to liquidate remaining assets of the Debtors' bankruptcy estate, and the STIPULATION AND AGREEMENT FOR SETTLEMENT OF TRUSTEE'S CLAIMS AGAINST ASSETS OF THE BANKRUPTCY ESTATE executed by the Debtors and the Trustee, respectively, recites and provides as follows:

    "WHEREAS the Debtors, Edward V. Miller and Margaret A. Miller, did commence this Chapter 7 case by filing a voluntary petition on 01/12/2017; and

    "WHEREAS L. David Zube was appointed Chapter 7 Trustee on 01/12/2017 and continues to be the Trustee; and

    "WHEREAS the Debtors are presently representing themselves, *pro se*, their prior attorneys having moved to be relieved from representing them in this case and their subsequent efforts to obtain substitute counsel being without success; and

    "WHEREAS there are various assets of the bankruptcy estate which are subject to administration by the Trustee such as would result in a distribution to creditors, including equity in the Debtors' current residence, commonly known as and located at 4 Damgaard Rd, Andes, New York, as well as equity in a co-op unit commonly known as 14B Edgewater Park, Bronx, New York; and

"WHEREAS the bar date for creditors to file proofs of their claims has passed and unsecured claims of creditors have been filed in a total amount of approximately $42,000, and there being no priority claims filed at this time and none presently anticipated, and it being anticipated that administrative costs consisting of trustee and trustee attorney compensation and expenses will not exceed $12,000, making an anticipated calculated distribution total of no more than $54,000; and

"WHEREAS the Trustee is presently in receipt of some $20,700, being proceeds of the return to capital to Mr. Miller of his interest in EDM Realty, Inc., upon the sale of that corporation's real property, leaving a balance of some $33,300 against the total calculated distribution of $54,000;

"NOW, it is hereby STIPULATED AND AGREED as follows:

"1) The Debtors will pay over to the Trustee the sum of $33,300.00, in good funds (bank or certified check), in satisfaction of the Trustee's claims against any and all remaining property of the bankruptcy estate, including, but not limited to, the Debtors' interest in the Debtors' current residence, commonly known as and located at 4 Damgaard Rd, Andes, New York, as well as equity in a co-op unit commonly known as 14B Edgewater Park, Bronx, New York.

"2) Debtor's payment of the $33,300.00 may be made it two equal instalments, the first to be made on or before February 28, 2019, and the second to be made on or before March 31, 2019, such funds to be held in escrow by the Trustee pending approval of this agreement by Order of the Court.

"3) Upon receipt of the first installment, the Trustee shall proceed to file a motion with the Court, on notice to the Debtors, and to all creditors and parties in interest, seeking approval of this agreement.

"4) This agreement is contingent upon no priority claim being filed in this case subsequent to the date of this agreement and an Order of the Court approving this agreement and specifically providing that any allowable time for any creditor to file any priority claim expires as of the date of the Order so approving this agreement. In the event that a priority claim is filed prior to the issuance of such Order, the Trustee may seek to have such claim disallowed by Order of the Court. In the event that such claim is allowed, however, this agreement will then be void.

"5) Upon issuance of an Order approving this agreement and the agreement is fully consummated, Debtors will receive their discharge in the ordinary course of case administration."

A copy of the executed **STIPULATION AND AGREEMENT FOR SETTLEMENT OF TRUSTEE'S CLAIMS AGAINST ASSETS OF THE BANKRUPTCY ESTATE** has been duly filed with the Court for review by interested parties, copies of which are available upon request to the undersigned Trustee.

5. The Trustee recommends approval of this settlement for the reasons which follow. The initial filing of this case scheduled unsecured claims of $726,612 (Doc 14; Summary). A subsequent amendment to the Schedules scheduled unsecured claims of $660,000 (Doc 21; Summary). Upon receiving and reviewing proofs of real property assets and secured claims against those assets, the Trustee ascertained that there was significant non-exempt equity in the property interest in a co-op unit commonly known as 14B Edgewater Park, Bronx, New York, and in the Debtor's residence. (The Edgewarer Park property was deleted from the Debtors' amended Schedule A, an error acknowledged by Debtors' then attorney, Irene Marie Costello, Esq., but never corrected by subsequent amendment.) Concerning the Debtors' residence at 4 Damgaard Rd, Andes, New York, the Trustee filed a motion, unopposed by the Debtors' then attorney, seeking an Order pursuant to 11 U.S.C. §522 and Bankruptcy

Rule 4003 allowing the homestead exemption claimed in this case in the maximum amount of $82,775.00, the exemption clearly having been claimed only by the Debtor husband. The Court granted that motion by Order dated 10/03/17 (Doc 44). This left the equity interest of the Debtor wife as non-exempt and subject to possible liquidation by the Trustee. (Even were the Debtor wife allowed a full exemption, she would still have remaining non-exempt value in the residence.) Further to the Debtors' possible detriment, the Trustee ascertained that the IRS had filed a warrant against the Debtor husband some several days prior to the filing of the Chapter 7 case, resulting in a lien against the Debtor husband's equity interest in the residence which trumped his homestead exemption.

6. Subsequent to the negotiation of the settlement agreement proposed for approval herein, the Trustee obtained turnover of additional funds in the amount of $2,000.00. This occurred pursuant to the Trustee's demand made to the initial law firm with which Debtors' prior attorney was associated, the subsequent law firm to which she moved, and attorney Irene Marie Costello, Esq., herself, for disgorgement of the fee charged the Debtors for the representation provided in the case. The basis for this demand was the Trustee's belief that the fee charged was entirely unreasonable under 11 U.S.C. §329(b) in light of the representation provided and the resulting status of the case as of the time that Ms. Costello moved to withdraw from representing the Debtors. Consequent to that demand, the initial law firm, Shipkevich, PLLC, immediately paid over the full $2,000.00 fee which the Debtors had paid. By virtue of this recovery, and based upon the claims now filed and the Trustee's estimate of trustee compensation and reasonable attorney fees, the Trustee is confident that, assuming approval of this settlement agreement, upon approval of the Trustee's Final Account and Proposed Distribution to be then submitted in this case, the Debtors will receive surplus funds approximating that $2,000.00 recovery.

In short, the proposed settlement will provide for payment in full (with interest) on the allowed claims now filed in this case, payment of all administrative expenses, and a refund of surplus funds to the Debtors.

7. As of the filing of this motion, the Debtors have paid over the $33,300.00 to the Trustee pursuant to the proposed agreement, which funds the Trustee is holding in the bankruptcy estate account in escrow pending approval of the agreement.

WHEREFORE, it is respectfully requested that the Court approve the settlement agreement between the Debtors and the Trustee, and grant such other or further relief as the Court may deem just and proper.

Subscribed under penalty of perjury on April 1, 2019.

*/s/ L David Zube*
L. David Zube, Chapter 7 Trustee
59 Court Street - 4th Floor
Binghamton, New York 13901
(607) 722-8823; ZubeOffice@aol.com